343 F.2d 911
 DeLONG CORPORATION, a Delaware Corporation, Appellant,
v.
The OREGON STATE HIGHWAY COMMISSION, composed of Glenn L. Jackson, Kenneth N. Fridley and David B. Simpson, in their capacity as Oregon State Highway Commissioners and Individually, Forrest Cooper and Ivan D. Merchant, Appellees.
 No. 19549.
 United States Court of Appeals Ninth Circuit.
 April 12, 1965.
 
 Appeal from the United States District Court for the District of Oregon; John F. Kilkenny, Judge.
 George W. Mead, Portland, Or., Wyatt, Macdonald & Dean, Astoria, Or., Bertram H. Ross, Los Angeles, Cal., Bert Rand, Trammell, Rand & Nathan, Washington, D. C., for appellant.
 Robt. Y. Thornton, Atty. Gen. of Or., Salem, Or., G. E. Rohde, Asst. Atty. Gen. and Chief Counsel for Or. State Hwy. Comm., Alan H. Johansen and J. Robt. Patterson, Asst. Attys. Gen. of Or., Salem, Or., for appellees.
 Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.
 HAMLEY, Circuit Judge:
 
 
 1
 DeLong Corporation brought this action in the district court against The Oregon State Highway Commission and the individual members of the commission. Forrest Cooper and Ivan D. Merchant, state highway engineer appointed by the commission, and bridge engineer assistant to Cooper, respectively, were also named defendants. Asserting that the district court had jurisdiction under 28 U.S.C. § 1331 (1958) (federal question), and 28 U.S.C. § 1332 (1958), (diversity of citizenship), the company sought a declaratory judgment, injunctive relief and recovery of damages after proceedings before a master. On motion of the defendants, the district court dismissed the action for lack of jurisdiction under either statute. DeLong Corporation v. Oregon State Highway Commission, 233 F.Supp. 7. This appeal followed.
 
 
 2
 The action arises from a controversy in connection with a contract between the company and the State of Oregon, made in the name of the state by and through the commission, for the construction of an interstate bridge over the Columbia River. The bridge is being erected between Astoria, Oregon and Point Ellice, Washington, connecting highways in the two states. Under the contract, the company, which was incorporated in the State of Delaware and has its principal place of business in the State of New York, undertook to erect the foundations for the bridge.
 
 
 3
 The company alleged that the invitation for bids, issued by the commission on behalf of itself and the Washington State Highway Commission, contained false and misleading representations constituting a breach of contract. The company also alleged that the individual defendants, in their individual capacities, had acted outside their statutory authority and had committed torts against the company, giving rise to a claim for damages. Invoking 28 U.S.C. § 2201 (1958), the company asked for a judicial declaration of its rights with regard to all issues. It also asked for an injunction which would permit continuing performance pending adjudication of its rights. Finally, the company asked that after its rights had been determined, a master be appointed to hear evidence and make a report to the court on the amount of damages to which the company is entitled.
 
 
 4
 Jurisdiction under the diversity statute, 28 U.S.C. § 1332, was claimed on the theory that the company is a citizen of the States of Delaware and New York, that defendants are citizens of the State of Oregon, and that the amount involved is in excess of the statutory minimum of ten thousand dollars. In its motion to dismiss, defendants challenged the assertion that the commission is a citizen of the State of Oregon. They asserted that the action is actually one against the State of Oregon, and that a state is not a "citizen" within the meaning of 28 U. S.C. § 1332.
 
 
 5
 The district court held with the defendants on this issue. The court ruled: (1) the real party in interest, rather than the names of particular parties, is the important factor in determining whether there is diversity jurisdiction; (2) the State of Oregon is the real party in interest in this litigation because (a) the commission is not an entity separate and apart from the state, but is an arm of the state performing an essential governmental function, and (b) the legislation authorizing the construction of the bridge in question was not intended to create an autonomous, separate entity or corporation in the nature of an interstate bridge authority; and (3) the State of Oregon is not a "citizen" within the meaning of 28 U.S.C. § 1332.
 
 
 6
 Jurisdiction under the federal question statute, 28 U.S.C. § 1331, was asserted on the theory that important questions of constitutional and federal statutory law controlling the company's rights and duties under its contract to construct the bridge foundations were involved in the suit. Three such questions were said to be involved: (1) whether the arrangement between the States of Oregon and Washington covering the planning, construction, financing and operation of the bridge constituted a compact requiring the consent of Congress under Article I, section 10, clause 3 of the Constitution, no such consent having been obtained; (2) whether approval of the Secretary of the Army was obtained on the basis of faulty plans and specifications, in violation of the General Bridge Act of 1946, 60 Stat. 847, as amended, 33 U.S.C. § 525 (1958), making such approval void ab initio; and (3) whether approval of the bridge, being a part of a federal aid project approved by the Bureau of Public Roads, was obtained on the basis of faulty plans and specifications, and was therefore invalid.
 
 
 7
 The district court did not decide whether these were federal questions of a kind which would confer jurisdiction on the district court. Instead, it held that under the Eleventh Amendment of the United States Constitution, the State of Oregon is immune from suit in federal court without its consent, and that Oregon has not consented to be sued in federal court or otherwise waived its immunity under the Eleventh Amendment.
 
 
 8
 On this appeal the company challenges each of the district court rulings referred to above.
 
 
 9
 We are in complete agreement with the views of the district court as expressed in its perceptive and thoroughly documented opinion reported at 233 F.Supp. 7. No useful purpose would be served by restating those views in this opinion.
 
 
 10
 The judgment is affirmed.