STATE OF WEST VIRGINIA and State Road Commission of West Virginia, a corporation, Plaintiffs,

v.

John M. HAYNES and United States Fidelity and Guaranty Company, a corporation, Defendants.

Civ. A. No. 68–90.

United States District Court, S. D. West Virginia, Charleston Division.

Oct. 4, 1972.

, Donald R. Wilson of Preiser & Wilson, Charleston, W. Va., for plaintiffs.

Charles W. Yeager, K. D. Pauley, Charleston, W. Va., for defendants.

## MEMORANDUM ORDER

KENNETH K. HALL, District Judge.

Plaintiffs, the State of West Virginia and State Road Commission of West Virginia, entered into a written contract with the defendant, John M. Haynes, whereby said defendant contracted to build for the plaintiffs a certain bridge

in Cabell County, West Virginia, known as the Howell's Mill Road Bridge No. 2108, Project No. I–64–1(38)21 C–3. To secure the faithful performance of the contract, the defendant, Haynes, as principal, and defendant, United States Fidelity and Guaranty Company, as surety, executed and delivered to the plaintiffs a bond in the sum of $353,588.84.

Prior to completion of the construction of the bridge, defendant Haynes was notified by letter dated June 18, 1963, from Wilson Ward, Director, Construction Division of the plaintiff State Road Commission of West Virginia, to remove the deck on the west bound structure and replace it with a new deck completely. Haynes, by letter dated May 19, 1964, through his attorney, rejected the plaintiffs' demand to replace the concrete deck.

Plaintiffs allege that on August 12, 1963, defendant Haynes abandoned the contract and stopped all work thereunder. On June 9, 1964, defendant Haynes was notified that the contract, because of the breach thereof, was being assumed by the State Road Commission of West Virginia. The defendant, United States Fidelity and Guaranty Company, responding to plaintiffs' demand to take action under its bond, refused on November 9, 1964, to take any action.

Plaintiffs assert in the complaint that the defendants' failure to comply with the provisions of the contract forced them to proceed with the construction of the bridge in accordance with the plans and specifications of the contract. In so doing, they allege an expenditure of $204,076.85. In addition, plaintiffs claim that they were prevented from opening to traffic segments of Interstate Highway No. 64, and the deprivation of use of the highway resulted in damages of an additional $250,000.00. Plaintiffs demand judgment against defendants in the sum of $454,076.85.

Plaintiffs brought an action for breach of contract against defendants, John M. Haynes and United States Fidelity and Guaranty Company, in the Circuit Court of Kanawha County, West Virginia, on June 21, 1968. The action was removed to this Court on joint petition of defendants filed on July 3, and again, as amended, on July 10, 1968.

Defendant Haynes has filed, in addition to his answer, a counterclaim, alleging that plaintiffs improperly terminated the contract, and improperly refused to pay the defendant for the balance of the work or permit him to bid on other bridge jobs let by the plaintiffs. Defendants asks for damages in the amount of $297,321.34.

On July 31, 1972, a pre-trial conference was held with counsel for all parties present. The Court directed the attention of all parties to the questions which had heretofore been raised regarding the jurisdiction of this Court to entertain this action, and, it appearing to the Court that jurisdiction was a preliminary issue which needed to be resolved, the Court ordered the plaintiffs and the defendants to submit their briefs on said jurisdictional question together with any motions which any party considered necessary in connection therewith. Briefs have been timely received by this Court.

Defendants in their brief contended that the State of West Virginia is neither a necessary nor a proper party in the litigation. Defendants cited statutory law authorizing the State Road Commission to negotiate and enforce contracts as well as to perform "functions necessary and germane to its public corporate existence and purposes." W.Va.Code, § 17–2–1 (Michie 1966). Defendants also contend that the State Road Commission of West Virginia is a citizen of the State of West Virginia within the purview of the diversity of citizenship jurisdiction of this Court. Defendants rely on the case of Port of Seattle v. Oregon and Washington Railroad Co., 255 U.S. 56, 41 S.Ct. 237, 65 L.Ed. 500 (1921), in which Mr. Justice Brandeis held that a public corporation is a citizen of the state in which it functions and that the action in question was properly removed from a state court to a United States District Court in

Oregon. Defendants raised other issues considered inconsequential here.

Plaintiffs contend that, in a suit for breach of a construction contract brought by the State of West Virginia and by the State Road Commission against the contractor and his bonding company, the State of West Virginia is a necessary party to the suit. The bond issued by United States Fidelity and Guaranty Company clearly is between said company as surety, the contractor as principal, and the State of West Virginia. Furthermore, the West Virginia statutory provision that " . . . suits may be prosecuted from time to time in the name of the State . . . " has been held mandatory and not permissive. W. Va.Code, § 6–2–17 (Michie 1966); Hensley v. Copley, 122 W.Va. 621, 11 S.E.2d 755 (1940). Plaintiffs assert that if the State of West Virginia must be joined as a party, then an action by the State of West Virginia and the State Road Commission against a contractor for breach of contract and against the surety on his bond cannot be properly removed to federal court. Plaintiffs contend that the diversity of citizenship requisites of 28 U.S.C. § 1332, do not apply to a state. Plaintiffs contend that the courts analyze various factors to see if the state is the real party in interest, thereby defeating diversity. Harris County v. Ideal Cement Co., 290 F.Supp. 956 (D.C. Tex.1968). One factor is whether the state agency which is a party to the suit is an arm or alter ego of the state. Plaintiffs argue that the State Road Commission was, at the time the action was commenced, an arm of the State of West Virginia. The second factor which plaintiffs contend should be weighed is whether the subject matter involved is a governmental function rather than a private matter. Plaintiffs assert that roads were the domain of state control via the State Road Commission, and hence a governmental function. The third factor as considered in the *Harris* case is whether the pecuniary and beneficial interests of the state generally are involved. Plain-

tiffs state that they clearly are at issue here.

The Court finds that, in deciding the question of whether the action by the State of West Virginia and the State Road Commission against the defendant-contractor for breach of contract and against the surety on the contractor's bond can be properly removed to federal court, 28 U.S.C., § 1441, and case law thereunder should apply. 28 U.S.C., § 1441, provides in part:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Assuming no federal question is present (as is true in this case), then, for removal, the defendants must satisfy the following diversity of jurisdiction requisites of 28 U.S.C. § 1332:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between

"(1) Citizens of different States;

"(2) * * * ;

"(3) * * * ;"

As a general rule, a state is not a citizen within the meaning of the diversity statute. This rule precludes removal of such an action from a state to a federal court on grounds of diversity of citizenship. City Bank Farmers' Trust Co. v. Schnader, 291 U.S. 24, 54 S.Ct. 259, 78 L.Ed. 628 (1934); State Highway Commission of Wyoming v. Utah Construction Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929).

The defendants herein have objected that the State of West Virginia, even though it may be named as a party,

is not the real party to the action, and hence is not to be considered in determining the existence of diversity of citizenship among the parties. The question whether the state is the real party in interest is to be determined not merely by the names of the titular parties but by the essential nature and effect of the proceeding as it appears from the entire record. 32 Am.Jur.2d, Federal Practice and Procedure, § 106 (1967); Ex parte Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876 (1908). In determining whether a state agency is a citizen for purposes of diversity jurisdiction, or whether, on the other hand, the agency is an arm or alter ego of the state or the state is the real party in interest so as to preclude diversity jurisdiction, courts generally look to the attributes or characteristics of a particular agency which tend to associate it with or dissociate it from the sovereign. The most reliable index of the status of an agency as citizen or sovereign has been the financial or other beneficial interest of the state in the affairs of the agency or in the outcome of the litigation involving it. The courts generally hold that a financial or beneficial interest of the state indicates citizenship status. Annot., 6 A.L.R.Fed. 615, 621. Missouri, K. & T. R. Co. v. Missouri R. & Warehouse Com'rs, 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78 (1901); State Highway Commission of Wyoming v. Utah Construction Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929).

Looking at the nature and essence of the proceedings, the Court finds that the State of West Virginia is a real party, having a substantial interest in the outcome of the suit. The financial and other benefits of the construction of roads in West Virginia inure to the citizens of the state. The contract here is made with the State of West Virginia and the bond is payable to the State of West Virginia. The West Virginia Code and the case law thereunder provide that suits on bonds payable to state should be brought in the name of the state. W.Va. Code, § 6–2–17 (Michie 1966); Hensley

v. Copley, 122 W.Va. 621, 11 S.E.2d 755 (1940).

The Court recognizes that the State Road Commission at the time the action was commenced was an arm of the State of West Virginia. The Legislature created it and defined its powers. W.Va. Code, § 17–2–1 (Michie 1966). See De-Long Corp. v. Oregon State Highway Commission, 343 F.2d 911 (9 Cir., 1965), cert. den. 382 U.S. 877, 86 S.Ct. 161, 15 L.Ed.2d 119. The ability of the State Road Commission to negotiate and enter into contracts, prosecute suits, and exercise all powers and functions relevant to its public corporate existence and purposes, as set forth in the West Virginia statutes, is not dispositive of the question of whether the Road Commission is an "arm of the state."

Upon the foregoing findings and conclusions, and in consideration of the entire record herein, together with the memoranda and arguments of counsel thereon, the Court further finds and concludes that this Court is without jurisdiction, and the case should be remanded.