**H. Alva BRUMFIELD, III and Rosemary Meyers Brumfield**

v.

**NATIONAL FLOOD INSURANCE PROGRAM and General Adjustment Bureau of Business Services, Inc.**

**Civ. A. No. 80–124–B.**

United States District Court,
M. D. Louisiana.

July 22, 1980.

John Dale Powers, Sanders, Downing, Kean & Cazedessus, Baton Rouge, La., for plaintiffs.

James Stanley Lemelle, Asst. U. S. Atty., Baton Rouge, La., H. Joseph Flynn, Federal Emergency Management Agency, Washington, D. C., for National Flood Ins. Program.

Gerald L. Walter, Jr., Vincent P. Fornias, Kantrow, Spaht, Weaver & Walter, Baton Rouge, La., for GAB Business Services, Inc.

POLOZOLA, District Judge:

The plaintiffs are the owners of a dwelling which was located on West Beach Boulevard in Gulf Shores, Alabama. On September 12, 1979, the dwelling was totally destroyed by Hurricane Frederic. Prior to the destruction of this dwelling, the plaintiffs were issued a policy of flood insurance by the National Flood Insurance Program. This flood insurance policy was in effect at the time of the hurricane. Following the hurricane, the plaintiffs and representatives of GAB Business Services, Inc., one of the defendants herein, apparently entered into negotiations in an effort to settle the plaintiffs' claim. Plaintiffs contend a verbal settlement was agreed to by the parties but was later broken by the defendants. The defendants deny that they entered into a settlement agreement with the plaintiffs. This suit was then filed against the National Flood Insurance Program and GAB Business Services, Inc. Answers to the complaint were filed by GAB Business Services, Inc. and by John W. Macy, Jr., Director of the Federal Emergency Management Agency on behalf of the National Flood Insurance Program (NFIP). NFIP has now filed a motion for a judgment on the pleadings. In its motion NFIP contends that this Court lacks jurisdiction in this matter.

Some Courts have permitted a lack of subject matter jurisdiction to be raised on a Rule 12(c) motion for judgment on the pleadings. *Amundson v. United States,* 279 F.Supp. 779 (D.C. N.Y. 1967); *Delaware, L. & W. R. Co. v. Kingsley,* 189 F.Supp. 39 (D.C. N.J. 1960).

Paragraph 3 of the complaint filed herein alleges that this suit "is a controversy between citizens of different states, and the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs." Thus, in essence, plaintiff contends the Court's jurisdiction is based on 28 U.S.C. § 1332.

■ It is clear that plaintiffs' suit against John W. Macy, Jr., Director of the Federal Emergency Management Agency on behalf of the National Flood Insurance Program is a suit against the United States. Since the United States is not a citizen of any state within the meaning of the diversity jurisdiction statute, 28 U.S.C. § 1332, plaintiffs' suit against the United States based on diversity jurisdiction is improper. *Koppers Company, Inc., v. Garling and Langlois,* 594 F.2d 1094 (6 Cir. 1979); *United States v. Dry Dock Savings Inst.,* 149 F.2d 917 (2 Cir. 1945); *Darling v. United States,* 352 F.Supp. 565 (E.D. Cal. 1972); *Jizmerjian v. Department of Air Force,* 457 F.Supp. 820 (D.S.C. 1978). Thus, the requirement of complete diversity is violated. *Strawbridge v. Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806). The Court finds, therefore, that the Court does not have jurisdiction in this case under 28 U.S.C. § 1332.

■ Although the only allegation of jurisdiction set forth in the complaint is based on diversity jurisdiction, plaintiffs argue in their memorandum that the Court has jurisdiction herein under 42 U.S.C. § 4072 which pertains to actions brought to enforce claims under the National Flood Insurance Program. 42 U.S.C. § 4001 et seq.; 42 C.F.R. § 59.1 et seq. The government also argues that the United States District Court for the Middle District of Louisiana does not have jurisdiction over this suit under 42 U.S.C. § 4072. The government contends that the only court which has jurisdiction is the federal district court where the property is located, which in the instant case would be the United States District Court for the Southern District of Alabama. Plaintiffs, on the other hand, contend the language used in § 4072 is permissive and

the suit may be filed in a federal court other than where the property is located.

A review of the jurisprudence reveals no cases which have ruled on the issue before the Court. Therefore, the Court has carefully reviewed the statute and the legislative history which accompanied the National Flood Insurance Act of 1968. After reviewing the legislative history, the Court concludes that a suit filed under 42 U.S.C. § 4072 shall be filed in the United States District Court where the insured property is located.

Section 4072 provides:

"Adjustment and payment of claims; judicial review; limitations; jurisdiction. In the event the program is carried out as provided in section 4071 of this title, the Secretary shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Secretary of any such claim or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Secretary, may institute an action against the Secretary on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy."

Plaintiffs argue that since § 4072 provides that a party "may institute an action . . in the United States district court for the district in which the insured property . . shall have been situated", the statute gives the plaintiffs the option of filing their suit in another federal district court of proper venue. However, the legislative history of the National Flood Insurance Act of 1968 does not support plaintiffs' argument.

In 1968 United States Code Congressional and Administrative News, Vol. 2, 90th Congress, Second Session, it is provided:

"PART C PROVISIONS OF GENERAL APPLICABILITY CLAIMS AND JUDICIAL REVIEW

Section 1231 of the new title would authorize the Secretary to adjust and pay claims for proved and approved losses covered by reinsurance and authorizes any claimant, upon disallowance of a claim, to institute an action within 1 year after the receipt of the notice of disallowance in the U.S. district court for the district in which the insured property was situated. Jurisdiction would be conferred on the district court without regard to the amount in controversy." Id. p. 2962.

\* \* \* \* \* \*

Part A Industry Program With Federal Financial Assistance

\* \* \* \* \* \*

Section 1133. Adjustment and payment of claims and judicial review.

This section authorizes private insurers participating in the pool to adjust and pay claims for losses and permits any claimant, upon disallowance or partial disallowance of a claim, to institute an action, within 1 year after notice of the disallowance was mailed, in the U.S. district court for the district in which the insured property or the major portion of it was situated. Jurisdiction would be conferred on the district court without regard to the amount in controversy. (Claimants could, of course, also avail themselves of legal remedies in State courts.)" Id. at 3022

\* \* \* \* \* \*

Part B Government Program With Industry Assistance

\* \* \* \* \* \*

Section 1141. Adjustment and payment of claims and judicial review.

This section authorizes the Secretary to adjust and pay claims in the event the program is being carried out through the facilities of the Federal Government, and authorizes any claimant, upon disallowance or partial disallowance of a claim, to institute an action, within 1 year after the notice of disallowance was mailed, in the U.S. district court for the district in

which the insured property or the major portion of it was situated. Jurisdiction would be conferred on the district court without regard to the amount in controversy." Id. at 3023

■ Considering the legislative history set forth above, the Court finds that if a suit is filed under 42 U.S.C. § 4072 to recover a claim due under the National Flood Insurance Act of 1968, the suit must be filed in the United States District Court for the district in which the insured property or the major portion of it is located. Since the plaintiffs' insured property is located in the Southern District of Alabama, the suit filed in the United States District Court for the Middle District of Louisiana is improper. However, the Court does not feel plaintiffs' suit should be dismissed. Instead, the Court shall transfer plaintiffs' suit to the Southern District of Alabama.

Therefore:

IT IS ORDERED that this suit be and it is hereby transferred to the United States District Court for the Southern District of Alabama.

IT IS FURTHER ORDERED that in all other respects, the motion of John W. Macy, Jr. director of the Federal Emergency Management Agency on behalf of the National Flood Insurance Program be and it is hereby DENIED.

Judgment shall be entered accordingly.