Rolf SIEKMANN and Gail Siekmann

v.

KIRK MORTGAGE COMPANY.

and

Leroy CORRELL

v.

FEDERAL INSURANCE ADMINISTRATION, Federal Emergency Management Agency.

Civ. A. No. 81–0863.

United States District Court,
E. D. Pennsylvania.

Aug. 11, 1982.

Burton Stein, Philadelphia, Pa., for plaintiffs.

Antoinette R. Stone, Asst. U. S. Atty., Philadelphia, Pa., for Federal agencies.

Albert C. Braslow, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Kirk Mortg. Co.

David E. Sandel, Jr., Philadelphia, Pa., for Leroy Correll.

## MEMORANDUM

McGLYNN, District Judge.

On March 28, 1980 plaintiffs, Rolf Siekmann and Gail Siekmann, brought suit against defendants, Kirk Mortgage Company ("Kirk") and Leroy Correll ("Correll"), in the Court of Common Pleas of Philadelphia County. The complaint alleged failure on the part of Kirk and Correll to maintain flood insurance on plaintiffs' property which was allegedly damaged by a flood in January 1979. Kirk was the mortgagee of

the property and Correll was the insurance agent for the plaintiffs.

On January 28, 1981 defendant, Kirk, joined the Federal Insurance Administration, Federal Emergency Management Agency (FEMA) as an additional defendant pursuant to Rule 2252 of the Pennsylvania Rules of Civil Procedure. Kirk's complaint alleged that FEMA failed to provide plaintiffs and defendants with proper notice of the termination of plaintiffs' insurance policy.

FEMA removed the action to this court on March 5, 1981 pursuant to 28 U.S.C. § 1441.

Presently before the court is a motion filed by FEMA to dismiss Kirk's complaint against it for lack of subject matter jurisdiction. FEMA relies on the doctrine of sovereign immunity which operates to bar actions against the federal government, absent a waiver of that immunity by consent to suit. FEMA further contends that exclusive jurisdiction over contract and tort actions against the government, as those alleged in this case, has been vested in the United States district courts.[1] Hence the state court had no jurisdiction over the claims. Since jurisdiction on removal is derivative in nature, it does not exist if the state court from which the case is removed lacks jurisdiction. *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.,* 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922).

Kirk opposes the motion to dismiss and argues that the federal government has waived sovereign immunity in 42 U.S.C. § 4053.[2] Kirk maintains that § 4053 confers concurrent jurisdiction upon federal and state courts over claims involving flood insurers under the National Flood Insurance Act of 1968. Since concurrent jurisdiction exists and if the case was properly removed, this court has jurisdiction and the motion to dismiss must be denied.

The National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.,* was enacted to provide a national system of flood insurance coverage. The Act established two programs in terms of operational responsibility for flood insurance. One program, designated in the statute as "Part A" is entitled, "Industry Program With Federal Financial Assistance", and makes flood insurance available to residents of flood-prone areas through the cooperative efforts of the private insurance industry and the federal government. 42 U.S.C. §§ 4051–4056.[3] The Part A program was to be carried out to the maximum extent practicable by private insurance concerns.[4] Part B, entitled, "Government Program With Industry Assistance", authorizes a federally operated program to be administered either with the assistance and services of private insurers or entirely by federal employees. 42 U.S.C. §§ 4071–4072.[5] While Congress expressed

---

**1.** 28 U.S.C. §§ 1346(a)(2) and 1346(b).

**2.** "Adjustment and payment of claims; judicial review; limitations; jurisdiction

The insurance companies and other insurers which form, associate, or otherwise join together in the pool under this part may adjust and pay all claims for proved and approved losses covered by flood insurance in accordance with the provisions of this chapter and, upon the disallowance by any such company or other insurer of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance of the claim, may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and deter-

mine such action without regard to the amount in controversy."

**3.** The Secretary of Housing and Urban Development (HUD) was authorized to administer the flood insurance program. 42 U.S.C. § 4011.

**4.** 42 U.S.C. § 4001(b), (d). As noted above, 42 U.S.C. § 4053 governs adjustment of claims and jurisdiction under Part A.

**5.** 42 U.S.C. § 4072 governs adjustment of claims and jurisdiction under Part B and provides:

"Adjustment and payment of claims; judicial review; limitations; jurisdiction

In the event the program is carried out as provided in section 4071 of this title, the Secretary shall be authorized to adjust and make payment of any claims for proved and ap-

a preference for the Part A framework, the Act authorized the Secretary of HUD to shift from Part A to Part B once the Secretary determined that operation of the program would be "assisted materially" if the federal government assumed operational responsibility for flood insurance. 42 U.S.C. § 4071.[6]

Kirk cites several cases which have held that § 4053 allows concurrent jurisdiction in disputes over the coverage of insurance policies issued pursuant to the Act.[7] However, as noted by FEMA, the federal government was not a party to suit during the state court proceedings in any of these cases.[8] Thus, FEMA argues, these cases support the conclusion that § 4053 confers concurrent jurisdiction in suits between private parties. This view comports with the legislative history accompanying the Act, which appears in 1968 U.S.Code Cong. and Admin.News, 2873:

> Part A INDUSTRY PROGRAM WITH FEDERAL FINANCIAL ASSISTANCE
>
> \*   \*   \*   \*   \*   \*
>
> Section 1133. Adjustment and payment of claims and judicial review
>
> This section authorizes *private* insurers participating in the pool to adjust and pay claims for losses and permits any claimant, upon disallowance or partial disallowance of a claim, to institute an action, within 1 year after notice of the disallowance was mailed, in the U. S. district court for the district in which the insured property or the major portion of it was situated. Jurisdiction would be conferred on the district court without regard to the amount in controversy. (Claimants could, of course, also avail themselves of legal remedies in State Courts.) *Id.* at 3022 (Emphasis added).
>
> Part B GOVERNMENT PROGRAM WITH INDUSTRY ASSISTANCE
>
> \*   \*   \*   \*   \*   \*
>
> Section 1141. Adjustment and payment of claims and judicial review
>
> This section authorizes the *Secretary* to adjust and pay claims in the event the program is being carried out through the facilities of the Federal Government, and authorizes any claimant, upon disallowance or partial disallowance of a claim, to institute an action, within 1 year after the notice of disallowance was mailed, in the U. S. district court for the district in which the insured property or the major portion of it was situated. Jurisdiction would be conferred on the district court without regard to the amount in controversy. *Id.* at 3023 (Emphasis added).

■ After reviewing the express language of the statute as well as the legislative history, which both differentiate between suits against private insurers and

proved losses covered by flood insurance, and upon the disallowance by the Secretary of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Secretary, may institute an action against the Secretary on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy."

6. From June 6, 1969 to December 31, 1977 the National Flood Insurers Association, a private insurance industry pool, participated with HUD in a joint venture under Part A. On November 2, 1977 the Secretary of HUD reported that conversion to the Part B program was necessary, resulting in the federal government taking over the private insurance aspects of the flood insurance program. *See,* 42 Fed.Reg. 58569 (1977). Subsequently, the functions vested in the Secretary of HUD under the National Flood Insurance Act were transferred to the Director, Federal Emergency Management Agency pursuant to Reorganization Plan No. 3 of 1978.

7. *Gibson v. Secretary of Housing and Urban Development,* 479 F.Supp. 3 (M.D.Pa.1978), aff'd mem., 601 F.2d 574 (3rd Cir. 1979); *Harper v. National Flood Insurers Association,* 494 F.Supp. 234 (M.D.Pa.1980); *Burrell v. Turner Corp. of Oklahoma,* 431 F.Supp. 1018 (N.D. Okla.1977); *Mason v. National Flood Insurers Association,* 431 F.Supp. 1021 (N.D.Okla.1977).

8. In *Gibson* and *Harper,* the federal government became a party only after removal to federal court was effected. *Burrell* and *Mason* involved suits against private insurance concerns.

those against the federal government, this court concludes that a suit filed against the federal government pertaining to a claim under the National Flood Insurance Act must be brought in the United States district court.

In the instant case, the state court had no jurisdiction over the claim against FEMA. The complaint against FEMA must therefore be dismissed for lack of subject matter jurisdiction. This result is required even though this court has original jurisdiction over such a claim.[9] *Lambert Run Coal Co. v. Baltimore & Ohio RR Co.,* 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922).

9. 42 U.S.C. §§ 4053 and 4072, *supra.*