**Kathleen SPIELMAN, Plaintiff,**

v.

**FEDERAL EMERGENCY MANAGE-
MENT AGENCY, Defendant.**

**No. Civ. 4–84–1349.**

United States District Court,
D. Minnesota,
Fourth Division.

April 16, 1985.

Patrick H. Doherty, St. Paul, Minn., for plaintiff.

James M. Rosenbaum, U.S. Atty., and Elissa G. Mautner, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

**MEMORANDUM AND ORDER**

MacLAUGHLIN, District Judge.

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant's motion will be granted.

**FACTS**

On March 15, 1983, water from a public lake adjacent to plaintiff's property in Prior Lake, Scott County, Minnesota, began to flood plaintiff's property. The flooding continued for several months, and according to plaintiff caused $55,659 in damage to her property. Plaintiff seeks damages against defendant Federal Emergency Management Agency (FEMHA) as a result of defendant's alleged failure to comply with the terms of a flood insurance policy which plaintiff claims was issued by the defendant.

Plaintiff filed a summons and complaint in Scott County District Court, Minnesota on or about December 5, 1984. On December 21, 1984, defendant removed the action to the United States District Court for the District of Minnesota, on the ground that the Court has original exclusive jurisdiction of the action pursuant to 42 U.S.C. § 4072. Defendant now moves to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1).

**DISCUSSION**

The National Flood Insurance Program, 42 U.S.C. §§ 4001–4128, is a plan designed to provide flood insurance protection to property owners in flood-prone areas. *See* 42 U.S.C. § 4002. The Federal Emergency Management Agency is the federal agency which administers the Flood Insurance Program. While plaintiff's complaint in the instant case does not specify a specific statutory offense, plaintiff does not dispute

defendant's contention that the action arises under the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.* The jurisdictional section of that Act provides as follows:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, *the claimant,* within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, *may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court* to hear and determine such action without regard to the amount in controversy.

*Id.* § 4072 (emphasis added). It is clear from the plain language of this statute that the United States district courts have original and exclusive jurisdiction over claims against FEMA under the National Flood Insurance Act. A number of federal courts have held that federal jurisdiction in claims for flood insurance under the National Flood Insurance Program is exclusive. *Siekmann v. Kirk Mortgage Co.,* 548 F.Supp. 50 (E.D.Pa.1982); *Possessky v. National Flood Insurers Association,* 507 F.Supp. 913 (D.N.J.1981); *Brumfield v. National Flood Insurance Program,* 492 F.Supp. 1043 (M.D.La.1980).

In removal cases, federal courts only acquire jurisdiction over actions that also are within the jurisdiction of the state court from which they are removed. *Lambert Run Coal Co. v. Baltimore and Ohio Railroad Co.,* 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *Koppers Co. v. Continental Casualty Co.,* 337 F.2d 499 (8th Cir.1964). This rule is known as the "derivative jurisdiction" doctrine. While this doctrine often produces harsh results, and has been sharply criticized,[1] it is without question the applicable rule. 14 C. Wright & A. Miller, *Federal Practice and Procedure,* § 3722, at 576. In the instant case, then, defendant's motion to dismiss must be granted. The Scott County District Court lacked jurisdiction over plaintiff's action, since the federal courts have exclusive jurisdiction over claims for flood insurance under section 4072. Accordingly, under the derivative jurisdiction doctrine, the Court does not have jurisdiction of the removed action. Plaintiff correctly cites several cases which have held that similar claims under the National Flood Insurance Act which were initially filed in the state court and then removed to federal court must be dismissed for lack of jurisdiction. *South Shaver Investment Group II v. Federal Emergency Management Agency,* No. 84–3808 (S.D.Tex. Dec. 13, 1984); *Szulborski v. Federal Emergency Management,* No. 84–476 (N.D.Ind. Nov. 14, 1984); *Siekmann v. Kirk Mortgage Co.,* 548 F.Supp. 50 (E.D.Pa.1982); *Possessky v. National Flood Insurers Association,* 507 F.Supp. 913 (D.N.J.1981); *Brumfield v. National Flood Insurance Program,* 492 F.Supp. 1043 (M.D.La.1980). The United States Court of Appeals for the Eighth Circuit has recently recognized that removal followed by a motion to dismiss is the appropriate procedure in actions of this type. *Johnson v. Showers,* 747 F.2d 1228, 1229 (1984).

Based on the foregoing, IT IS ORDERED that defendant's motion to dismiss

---

1. *See State of Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654, 658–59 (9th Cir.1972):

   This is the kind of legal *tour de force* that most laymen cannot understand, particularly in a case where the federal court not only has subject matter jurisdiction, but has exclusive subject matter jurisdiction. One would have thought that the purpose of removal in such a case is to get the case out of the court that lacks jurisdiction to hear it and into the court that has jurisdiction, and to keep it in the latter court, so that it can be tried and a valid judgment can be entered.

plaintiff's complaint for lack of subject matter jurisdiction is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.