**Michael J. LYNCH, Plaintiff,**

v.

**STATE OF WEST VIRGINIA; J. Edward Hamrick, III; and John H. Brown, Jr., Defendants.**

Civ. A. No. 2:92–0246.

United States District Court, S.D. West Virginia, Charleston Division.

Oct. 28, 1992.

James R. Sheatsley, Gorman, Sheatsley & Co., Beckley, W.Va., for plaintiff.

Robert D. Pollitt, Deputy Atty. Gen., William H. Hill, III, Asst. Atty. Gen., Charleston, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Defendant's amended motion to dismiss. Based on the Eleventh Amendment doctrine of sovereign immunity, the Court GRANTS dismissal of all counts against the State of West Virginia. The Court also GRANTS dismissal of counts three and four with respect to Edward Hamrick and John Brown. The Court declines to address the Constitutionality of W.Va.Code §§ 5B–1–13(a) and (f), and declines to address the possibility of enjoining enforcement of these statutes. After further discovery these issues may be pursued through summary judgment motions.

In August, 1947 Blue Jay Lumber Company conveyed approximately 4,775.55 acres to the State of West Virginia. Excepted and reserved from this conveyance were rights and privileges associated with a 1943 oil and gas lease between Blue Jay Lumber and Hope Natural Gas Company. Through this lease, Blue Jay Lumber re-

served all oil and gas interests underlying the subject 4,755.55 acre tract. In August, 1990 Blue Jay Lumber leased underlying oil and gas rights in this property to Stonewall Gas Company.

In 1990 West Virginia enacted W.Va. Code § 5B–1–13(f), which renames Camp Creek State Forest as Camp Creek State Park. Under W.Va.Code § 5B–1–13(a), exploitation of minerals is not permitted in any state park.

500 acres of the 4,755.55 acres leased to Stonewall Gas Company underlie the area now known as Camp Creek State Park. Based on the prohibition outlined in W.Va. Code § 5B–1–13(a), the Plaintiff claims there has been an unconstitutional taking without compensation of this 500 acres. The Plaintiff also relies on a letter from Defendant J. Edward Hamrick III, Director of the Division of Natural Resources, stating that Stonewall Gas Company would not be allowed to develop oil and gas interests underlying the 500 acre parcel.

The Plaintiff's amended complaint asserts four counts: 1) an unconstitutional taking under the Fifth Amendment of the United States Constitution; 2) impairment of the obligation of contracts under Article I, Section 10 of the United States Constitution; 3) tortious interference with contract; and 4) mandamus to compel the state to initiate condemnation proceedings. Counts one and two request injunctive relief to prevent enforcement of W.Va.Code §§ 5B–1–13(a) and (f), and count three requests compensatory and punitive damages. The amended complaint refers to Defendants Hamrick and Brown in their official capacity as state officers.

■ The Eleventh Amendment bars suits against the state for legal or equitable relief, absent state consent. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100–101, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984). This bar specifically applies to suits for compensatory relief, *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974), suits for injunctive relief, *Cory v. White*, 457 U.S. 85, 91, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982), and suits for

mandamus. *State v. Jumel*, 107 U.S. 711, 727, 2 S.Ct. 128, 141, 27 L.Ed. 448 (1882). In the instant case there is no claim that the State consented to suit, and no state statute providing for inverse condemnation proceedings. See W.Va.Code §§ 54–2–1 to 21. Therefore the Eleventh Amendment applies and all counts against the State of West Virginia are dismissed.

■ The next issue is whether the Eleventh Amendment applies to the two state officials. The United States Supreme Court has held that the Eleventh Amendment does not prohibit an injunction preventing a state officer's enforcement of an unconstitutional state statute. *Ex parte Young*, 209 U.S. 123, 155–156, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. at 102, 104 S.Ct. at 909. In *Young* the court stated that an unconstitutional enactment was "void" and "did not impart to [the officer] any immunity from responsibility to the supreme authority of the United States." *Ex parte Young*, 209 U.S. at 160, 28 S.Ct. at 454.

In *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), the court addressed a state officer's Eleventh Amendment immunity from compensatory claims:

"[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."

*Id.* at 464, 65 S.Ct. at 350; *Edelman v. Jordan*, 415 U.S. at 663, 94 S.Ct. at 1351. In *Edelman* the court held that "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief ... and may not include a retroactive award which requires the payment of funds from the state treasury." *Edelman v. Jordan*, 415 U.S. at 677, 94 S.Ct. at 1362. The rule against retroactive relief did not apply to the "ancillary effect" a prospective injunction might have on the state treasury. *Edel-*

man v. Jordan, 415 U.S. at 668, 94 S.Ct. at 1358.

Based on *Edelman,* and the distinction between injunctive and compensatory relief, the court dismisses the count three damages claim against Defendants Hamrick and Brown. Count three refers to Hamrick and Brown in their official capacity as state officers, and any judgment against them woulu require the payment of funds from the state treasury. As discussed earlier, the court declines to address the claims for injunctive relief in counts one and two, reserving these issues for possible summary judgment.

The mandamus request to compel Hamrick and Brown to initiate condemnation was addressed in the *Jumel* case mentioned above. In *Jumel* state officers refused to pay certain bond coupons, and bondholders alleged impairment of contract in violation of the United States Constitution. The court refused to grant mandamus to compel payment of the coupons. *State v. Jumel,* 107 U.S. at 727–728, 2 S.Ct. at 141–142. In *Jackson Sawmill Co. v. United States,* 580 F.2d 302 (8th Cir.1978), the court refused to grant mandamus to compel state officers to condemn a city bridge:

> It [the prayer for relief] also appears to ask for equitable relief—an injunction or mandamus directing the defendants to condemn the King Bridge, acquire it, and pay off the bondholders. This is but another verbalization of the claim for damages, however, and does not fall under the *Edelman* exception for injunctive relief.

*Id.* at 309–310.

As discussed above, *Edelman* allows for ancillary expenses associated with a prospective injunction, and this rule might be extended to permit a writ of mandamus. Based on *Jumel* and *Jackson Sawmill,* however, the Court believes that mandamus more closely resembles an award of retroactive, compensatory damages. Such damages are prohibited by *Edelman,* and therefore the Plaintiff's mandamus claim against state officers is dismissed.

Accordingly the Court GRANTS dismissal of all counts against the State of West Virginia, and GRANTS dismissal of counts three and four against Defendants Hamrick and Brown. The Clerk is directed to send a copy of this Order to counsel of record.