**MARTIN SALES & PROCESSING, INC., Plaintiff,**

v.

**WEST VIRGINIA DEPARTMENT OF ENERGY and West Virginia Division of Environmental Protection, Defendants.**

**Civ.A. No. 3:92–0668.**

United States District Court, S.D. West Virginia, Huntington Division.

March 16, 1993.

J. Thomas Hardin, Inez, KY, for plaintiff.

Darrell V. McGraw, Jr., Office of the Atty. Gen., Charleston, WV, Joseph A. Lazell and Franklin W. Lash, Office of the Atty. Gen., Nitro, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Defendants' motion to dismiss and Plaintiff's motion for leave to amend the complaint. Defendants allege this Court lacks subject matter jurisdiction over this dispute because the citizenship of the parties is not diverse within the meaning of 28 U.S.C. § 1332(a)(1) and because of the bar of the Eleventh Amendment to the United States Constitution. For reasons that follow, the Court GRANTS the motion to dismiss and DENIES the motion for leave to amend the complaint.

In this action Plaintiff, a Kentucky corporation, alleges the West Virginia agency charged with mining regulation and its predecessor have harmed the Plaintiff by refusing to transfer a mining permit to Plaintiff from Eagle Energy, a company to which Plaintiff formerly leased the mine property, by allowing Eagle to construct a refuse embankment on the property, and by "harassing" the company with constant inspections. Plaintiff seeks monetary damages in excess of 30 million dollars.

Plaintiff asserts this Court possesses jurisdiction of its claims under 28 U.S.C. § 1332(a)(1) by virtue of the diversity of citizenship of the parties. Although Defendants are state agencies, Plaintiff alleges they are separate and independent from the state, and

should be regarded as "citizens" within the meaning of § 1332(a)(1).

■ It is well settled that a state is not a citizen for purposes of diversity jurisdiction. *Moor v. County of Alameda,* 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973); *State of West Virginia v. Morgan Stanley & Co.,* 747 F.Supp. 332, 336 (S.D.W.Va.1990) (citing *Postal Tel. Cable Co. v. Alabama,* 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894)); *State of West Virginia v. Haynes,* 348 F.Supp. 1374, 1376 (S.D.W.Va. 1972). An action between a state and a citizen of another state is not a suit between citizens of different states, and diversity jurisdiction does not exist. *Morgan Stanley,* 747 F.2d at 336; *Postal Tel. Cable Co.,* 155 U.S. at 487, 15 S.Ct. at 194.

■ It is also well settled that courts should disregard nominal parties when determining whether diversity jurisdiction exists, and look instead to the real parties in interest in the controversy. *Morgan Stanley,* 747 F.2d at 336; *Haynes,* 348 F.Supp. at 1376–77. If the real party in interest is the state, diversity jurisdiction does not exist and a federal court may not hear the suit. *State Highway Comm'n v. Utah Constr. Co.,* 278 U.S. 194, 199–200, 49 S.Ct. 104, 105–06, 73 L.Ed. 262 (1928). The Court must therefore decide whether Defendants are "citizens" for diversity purposes or whether the state is the real party in interest here.

■ To determine whether a state agency is an alter-ego of the state or is sufficiently independent to constitute a "citizen" in its own right, courts have generally looked to the attributes or characteristics of the agency which tend to associate it with or dissociate it from the sovereign. *Haynes,* 348 F.Supp. at 1376. If the state is more than a nominal or formal party and has a real interest, pecuniary or otherwise, in the outcome of the litigation, the state is a real party to the controversy and diversity jurisdiction does not exist. *Morgan Stanley,* 747 F.Supp. at 338. Moreover, in *Santiago v. Clark,* 444 F.Supp. 1077, 1079 (N.D.W.Va.1978), this Court held that "an agency which is dependent upon legislative appropriation for its operation or which channels revenues into the state treasury is entitled to immunity."

■ The West Virginia Division of Environmental Protection ("WVDEP"), and its predecessor the West Virginia Department of Energy ("WVDOE"), both named as Defendants in this action, were created by statute. *W.Va.Code* § 22-1-1 (1985); *W.Va.Code* § 22-1-1 (1991). In 1991, the West Virginia Legislature created within the executive branch of state government the WVDEP to consolidate in a single state agency the regulation and enforcement of all West Virginia environmental programs. *W.Va.Code* § 22-1-1 (1991). The WVDEP assumed all the powers and duties of the WVDOE, which had been charged with enforcing the state surface mining program pursuant to the West Virginia Surface Coal Mining and Reclamation Act. *W.Va.Code* § 22A-3-1 to -40 (Supp.1992).

Finding that "[t]he state has the primary responsibility for protecting the environment," the West Virginia Legislature created the WVDEP "to carry out the environmental functions of government in the most efficient and cost-effective manner." The Legislature found that establishment of the agency "is in the public interest and will promote the general welfare of the state of West Virginia ..." *W.Va.Code* § 22-1-1 (Supp.1992).

The WVDEP may execute contracts "in the name of the state," and may acquire property in its own name "for the state." *W.Va.Code* § 22-1-5(d)(1) and (4). The WVDEP director serves at the will and pleasure of the governor, and is subject to legislative oversight and review. *W.Va.Code* § 22-1-3 (Supp.1992). The WVDEP can promulgate regulations to implement environmental programs, but the regulations must be reviewed and approved by the Legislature. *W.Va.Code* § 22-1-13 (Supp.1992); *W.Va.Code* § 29A-3-1 to -17 (1993).

The agency depends entirely on appropriations from the state Legislature and grants from the federal government to operate its programs. Appropriations of state monies come from the state's general revenue fund and from certain special revenue funds. The agency's budget is prepared by the Secretary of the Department of Commerce, Labor, and

Environmental Resources. *W.Va.Code* § 5F–2–2(a)(6) (1990). Funds obtained from federal grants must be expended in accordance with federal law. *W.Va.Code* § 22–1–14 (Supp.1992). Given these statutory characteristics, the Court is persuaded that Plaintiff's attempt to characterize Defendants, rather than the state, as the real party in interest for diversity purposes is misguided. The benefits of the environmental programs the agencies have administered inure to the citizens of West Virginia. The sole reason for Defendants' existence is to promote and enforce the environmental interests of the state. Furthermore, a review of West Virginia law reveals that Defendants have no funds or ability to respond in damages but depend wholly upon governmental appropriations for their sustenance.

The Court thus concludes the State of West Virginia is the real party in interest to this controversy for purposes of diversity jurisdiction. Accordingly, West Virginia not being a citizen of any state for purposes of diversity jurisdiction, this court does not have subject matter jurisdiction over this action under the diversity provisions of § 1332(a)(1).

■ Defendants also claim this suit is barred by the Eleventh Amendment to the United States Constitution, which proscribes suits in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury. In actions such as the instant one, where a plaintiff alleges that a state agency has violated state law, the Supreme Court has held the Eleventh Amendment bar applies regardless of the nature of the relief sought. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100–101, 104 S.Ct. 900, 907–908, 79 L.Ed.2d 67 (1984); *Missouri v. Fiske,* 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933).[1] This Court has likewise held the Eleventh Amendment provides a bar to such claims against a state. *Lynch v. State of West Virginia,* 805 F.Supp. 12, 12–13 (S.D.W.Va.1992) (citing *Pennhurst State School and Hospital,* 465 U.S., at 100–101, 104 S.Ct., at 907–908); *Akers v. Caperton,* 797 F.Supp. 514, 517 (S.D.W.Va.1992).

In *Westinghouse Elec. Corp. v. West Virginia Dept. of Highways,* 845 F.2d 468, 469–71 (4th Cir.1988), *cert. denied,* 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988), the Fourth Circuit affirmed a decision by this Court that the Eleventh Amendment barred a claim for damages against the West Virginia Department of Highways. The Fourth Circuit recognized a state's general waiver of sovereign immunity will not suffice to waive the immunity conferred by the Eleventh Amendment. Citing the Supreme Court's holding in *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3146–47, 87 L.Ed.2d 171 (1985), the Fourth Circuit held that a state may waive its immunity in one of two ways only: (1) directly by statutory or constitutional provision, or (2) "constructively," i.e., by voluntarily participating in a federal program when Congress has expressly conditioned state participation in that program on the state's consent to suit in federal court. *Westinghouse Elec. Corp.,* 845 F.2d at 470.

---

1. Where a plaintiff alleges that a state has violated *federal* law, courts must balance the need to promote the supremacy of federal law with the constitutional immunity of the states. *Pennhurst State School & Hosp.,* 465 U.S. at 105–106, 104 S.Ct. at 910–911. Thus, a suit challenging a state official's unconstitutional acts is not considered to be a suit against the state, and injunctive relief may issue. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). When a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief. *Edelman v. Jordan,* 415 U.S. 651, 677, 94 S.Ct. 1347, 1362, 39 L.Ed.2d 662 (1974).

But in a suit such as this one, where plaintiff alleges violations of state law by state agencies, the need to reconcile competing interests is wholly absent:

> In such a case the entire basis for the doctrine of *Young* and *Edelman* disappears. A federal court's grant of relief against state officials on the basis of state law, whether prospective or retrospective, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

*Pennhurst State School & Hosp.,* 465 U.S. at 106, 104 S.Ct. at 911.

944

Neither means of waiver is present or available in the instant case.

Here, the State of West Virginia is the real party in interest, and the damages Plaintiff seeks necessarily must come from the State's treasury. Moreover, West Virginia clearly has not consented to suit. Consequently, Plaintiff's claims against the State are barred by the Eleventh Amendment. Because this Court is without subject matter jurisdiction over this dispute, and the claim is barred by the Eleventh Amendment, Defendants' motion to dismiss is GRANTED.

■ Plaintiff also moves this Court for leave to amend the complaint. Plaintiff wishes to include as a Defendant the United States Mine Safety and Health Administration ("MSHA"). Plaintiff does not advance an alternate theory under which this Court possesses jurisdiction over its allegation against MSHA, instead adopting its previous assertion that diversity jurisdiction exists pursuant to the provisions of § 1332(a)(1).

Although federal courts ordinarily grant leave to amend complaints freely under Fed. R.Civ.P. 15(a), it is well established that leave to amend should be denied where amendment of the complaint would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Ward Elec. Serv. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir.1987). Plaintiff has set forth no grounds under which this Court might possess diversity jurisdiction pursuant to § 1332(a)(1) over a claim against MSHA. The United States and its agencies generally are not citizens of any state for jurisdictional purposes. *Texas v. Interstate Commerce Comm'n*, 258 U.S. 158, 160, 42 S.Ct. 261, 262, 66 L.Ed. 531 (1922); *Eastern Indemnity Co. of Md. v. J.D. Conti Elec. Co.*, 573 F.Supp. 1036, 1039–40 (E.D.Va.1983); *Brumfield v. National Flood Ins. Program*, 492 F.Supp. 1043, 1044 (M.D.La.1980); *McGlynn v. Employers Commercial Union Ins. Co.*, 386 F.Supp. 774, 776 (D.C.P.R.1974).

A complaint must state on its face the grounds for a federal court's jurisdiction, irrespective of whether it is a case of diversity jurisdiction, federal question jurisdiction or both. *Bowman v. White*, 388 F.2d 756, 760 (4th Cir.1968), *cert. denied*, 393 U.S. 891, 89

S.Ct. 214, 21 L.Ed.2d 172 (1968). Here, were the Court to allow Plaintiff's amendment, the complaint with its jurisdictional assertions could not withstand a motion to dismiss. Plaintiff's proposed amendment would be futile. Accordingly, the Court DENIES Plaintiff's motion for leave to amend the complaint. The Court ORDERS this action be dismissed and stricken from the docket.