**WESTINGHOUSE ELECTRIC CORPO-
RATION, a Corporation,
Plaintiff–Appellant,**

v.

**The WEST VIRGINIA DEPARTMENT
OF HIGHWAYS, a Corporation,
Defendant–Appellee (Two Cases).**

**Nos. 87–2107, 87–2108.**

United States Court of Appeals,
Fourth Circuit.

Argued March 11, 1988.
Decided May 2, 1988.

---

William T. Holmes (Alfred J. Lemley, Furbee, Amos, Webb & Critchfield, Fairmont, W.Va., on brief), for plaintiff-appellant.

John Andrew Smith (Kay, Casto & Chaney, Charleston, W.Va., on brief), for defendant-appellee.

Before RUSSELL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

JAMES DICKSON PHILLIPS, Circuit Judge:

This third-party claim for indemnity or contribution against the West Virginia Department of Highways was filed by Westinghouse Electric Corp., a Pennsylvania corporation, as defendant in a diversity tort action arising out of an accident that occurred on a West Virginia state highway. Westinghouse alleged that the Department of Highways had negligently marked the portion of highway on which the accident occurred and that this negligence had caused or contributed to the accident. The district court held the claim barred by the eleventh amendment and dismissed for lack of subject matter jurisdiction. We affirm.

As the district court noted, a claim against the West Virginia Department of Highways is, for eleventh amendment purposes, properly considered one against the state itself. *See, e.g., Florida Dept. of Health v. Florida Nursing Home Assoc.*, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981). Because the eleventh amendment is a jurisdictional limitation on the power of the federal courts, it applies to claims based, as is this one, on state rather than federal law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (*Pennhurst II*). Westinghouse argues,

however, that the eleventh amendment does not bar this claim because the state of West Virginia has waived its eleventh amendment immunity for all claims that fall within the scope of its liability insurance coverage. We disagree.

■ A state may waive its constitutional immunity and consent to suit in federal court, and when it does so, the eleventh amendment will not bar the action. *See Clark v. Barnard*, 108 U.S. 436, 447, 2 S.Ct. 878, 882–83, 27 L.Ed. 780 (1883). A state may only be held to have waived its immunity in one of two ways: (1) directly by statutory or constitutional provision, *see Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985), or (2) "constructively," by voluntarily participating in a federal program when Congress has expressly conditioned state participation in that program on the state's consent to suit in federal court, *see id.* at 246–47, 105 S.Ct. at 3149–50. *See generally id.* at 238 n. 1, 105 S.Ct. at 3145 n. 1. Neither means of waiver can be found here.

■ Direct waiver by statute or constitution may be found only where the state has stated its intent to subject itself to suit in federal court "by the most express language, or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909); *see Atascadero*, 473 U.S. at 239–40, 105 S.Ct. at 3146–47.

■ Because the eleventh amendment protects the state specifically against suit in federal court, *see Pennhurst II*, 465 U.S. at 99, 104 S.Ct. at 907 ("A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued."), a state's general waiver of sovereign immunity will not suffice to waive the immunity conferred by the eleventh amendment. *Atascadero*, 473 U.S. at 241, 105 S.Ct. at 3147. Instead, a state statutory or constitutional provision will constitute a waiver of eleventh amendment immunity only if it contains an "unequivocal" statement of the state's intention to subject itself to suit *in federal court. Id.; see Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 54, 64 S.Ct. 873, 876–77, 88 L.Ed. 1121 (1944); *Smith v. Reeves*, 178 U.S. 436, 441, 20 S.Ct. 919, 921, 44 L.Ed. 1140 (1900).

Application of the stringent *Atascadero* test to this case reveals Westinghouse's claim of waiver to be without merit. The West Virginia Constitution contains no provision subjecting the state to suit in federal court. Indeed, the state constitution specifically provides that "[t]he State of West Virginia shall never be made defendant in any court of law or equity, ... except [in any] garnishment or attachment proceeding, as garnishee or suggestee." W.Va. Const. art. VI, § 35. Westinghouse places principal reliance instead on two related provisions of the West Virginia Code dealing with liability insurance. First, Westinghouse points to W.Va. Code § 29–12–5, which requires all insurance policies purchased for the state or its agencies or departments to contain a provision by which the insurer agrees not to raise the "constitutional immunity" of the insured as a defense to third-party claims.[1] Second, Westinghouse cites W.Va. Code § 33–6–14a, which at the time of this accident required all insurance policies issued to governmental units to contain a provision by which the insurer agreed not to assert the insured's "governmental status" as a defense to third-party claims.[2]

1. Section 29–12–5 lays out the duties of the State Board of Insurance, which is charged with responsibility for obtaining insurance for all state property, activities, and responsibilities. The statute provides, in relevant part:

Any policy of insurance purchased or contracted for by the board shall provide that the insurer shall be barred and estopped from relying upon the constitutional immunity of the state of West Virginia against claims or suits: Provided, That nothing herein shall bar the insurer of political subdivisions from relying upon any statutory immunity granted such political subdivisions against claims or suits.

2. At the time of the accident involved here, Section 33–6–14a provided:

No policy or contract of public liability insurance providing coverage for public liability

■ These provisions can, at most, be construed as waiving the state's immunity from suit in *state* court. Neither contains the "unequivocal" statement of the state's intention to subject itself to suit in *federal* court required by *Atascadero*, even assuming the legislature had the power under state law to do so.

■ Westinghouse has two additional arguments in support of its claim of waiver, neither of which meets the stringent *Atascadero* test. First, it argues that a waiver of eleventh amendment immunity may be implied to the extent the state is insured against the loss from a claim, on the ground that the fundamental purpose of the immunity doctrine is to protect the public treasury. Westinghouse cites, in support of this argument, a pre-*Atascadero* case, *West v. Keve,* 571 F.2d 158, 163–64 (3d Cir.1978) (suggesting that waiver of eleventh amendment immunity may, under certain circumstances, be implied from existence of insurance coverage). In addition, Westinghouse suggests that a waiver of eleventh amendment immunity may be implied from evidence that the state of West Virginia has in the past voluntarily paid tort claims which are, like this claim, for amounts under $500,000.

Neither of these theories of waiver by the state falls within the narrow scope of that doctrine as recognized by the Supreme Court. *See Atascadero,* 473 U.S. at 238 n. 1, 105 S.Ct. at 3145 n. 1.

AFFIRMED.

shall be ... sold, issued or delivered to any governmental unit, agency or subdivision, unless it shall contain a provision or endorsement whereby the company issuing such policy waives, or agrees not to assert as a defense, on behalf of the policyholder or any beneficiary thereof, to any claim covered by the terms of such policy within the policy limits, the immunity from liability of the insured by reason of such insured's ... governmental status, unless such provision or endorsement is rejected in writing by the named insured. Act of March 4, 1967, ch. 95, 1967 W.Va. Acts 448 (amended 1985 and 1986).