Mark Randolph BRASWELL,
et al., Plaintiffs,

v.

Phillip Henry ELLIS, individually and in his official capacity as Sheriff of Edgecombe County; Jerry Amos Wiggs, individually and in his official capacity as a Deputy Sheriff of Edgecombe County; Robert Christopher Davis, individually and in his official capacity as a Deputy Sheriff of Edgecombe County, and Western Surety Company, Defendants.

No. 5:94–CV–325–D3.

United States District Court,
E.D. North Carolina,
Raleigh Division.

July 19, 1995.

Melinda Lawrence, Patterson, Harkavy & Lawrence, Raleigh, NC, for Mark Randolph Braswell and Molly Braswell.

Robert H. Sasser, III, Mark Allen Davis, Womble, Carlyle, Sandridge & Rice, Raleigh, NC, for Phillip Henry Ellis.

## ORDER DENYING MOTION FOR RECONSIDERATION

DUPREE, District Judge.

This matter is before the court on plaintiffs' motion for reconsideration of the court's January 20, 1995 order of judgment on the pleadings.

On May 6, 1994, plaintiffs filed a complaint pursuant to 42 U.S.C. § 1983 and state law alleging the use of excessive force relating to the death of the decedent, Newsome Earl Braswell. On October 7, 1994, defendants filed a motion for judgment on the pleadings as to all claims seeking monetary damages against defendants in their official capacities. On January 20, 1995, the court granted defendants' motion for judgment on the pleadings as to all claims seeking monetary damages against the defendants in their official capacities for the reason that such claims were barred by the Eleventh Amendment.

Plaintiffs move that the court reconsider its January 20 order alleging they were not served with a copy of defendants' motion for judgment on the pleadings and, therefore, did not have an opportunity to respond to the motion. Plaintiffs also claim that the court relied on incorrect state case law in its order, and that the North Carolina Court of Appeals has concluded that a sheriff and his deputies are local, not state, officials and hence ineligible for Eleventh Amendment immunity from prosecution in federal court. Plaintiffs further allege that the most salient factor in the Eleventh Amendment immunity analysis, as explained in *Hess v. Port Authority Trans–Hudson Corporation*, 513 U.S. 30, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994), is whether any judgment will be paid out of the state treasury, and that in this case payment of the judgment will be provided by the county thus conferring no immunity upon the defendants.

Defendants dispute whether North Carolina courts have held sheriffs to be local officials and whether deputies are, in fact, employees of the sheriff and not the county. Defendants cite to decisions within this district holding sheriffs to be employees of the state. Defendants note that this court has previously held sheriffs to be state officials based upon their election by the citizens of the state and the lack of significant control of the sheriff by the county. Defendants aver that the Eleventh Amendment analysis used in a compact clause context established in *Hess* does not apply where a governmental entity is located within a single state.

■ Though the plaintiffs claim they were not served with a copy of defendants' motion for judgment on the pleadings, plaintiffs' motion for reconsideration shall serve as a sufficient reply to that motion. Non-service of a copy of defendants' motion shall not constitute a separate ground for reconsideration of the court's previous order.

It is well settled, absent waiver or consent, that the Eleventh Amendment of the United States Constitution prohibits claims against a state in federal court. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984) ("a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by Eleventh Amendment"); *see also Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (neither a state nor its officials acting in their official capacities is considered a "person" for purposes of Section 1983). Thus, a suit against a state official in his official capacity for monetary damages is a suit against the state and is therefore barred by the Eleventh Amendment. *Pennhurst*, 465 U.S. at 100–103, 104 S.Ct. at 907–910; *Barfield v. Blackwood*, 7 F.3d 1140 (4th Cir.1993), *cert. denied*, 511 U.S. 1109, 114 S.Ct. 2106, 128 L.Ed.2d 667 (1994).

■ Moreover, a state's general waiver of sovereign immunity will not suffice to waive the immunity conferred by the Eleventh Amendment. *Westinghouse Electric Corporation v. West Virginia Department of Highways*, 845 F.2d 468, 469–71 (4th Cir.1988). Rather, a statute must specifically express the state's intention to be sued in federal court. *Huang v. The Board of Governors of the University of North Carolina*, 902 F.2d 1134, 1138–39 (4th Cir.1990).

■ In *Hess* the Court discussed how to distinguish state officials from local for Elev-

enth Amendment purposes. The Court cited as controlling the primary concerns of the Eleventh Amendment, being that federal court judgments not deplete state treasuries and that the sovereign dignity of the states be preserved. *Hess,* 513 U.S. at 51, 115 S.Ct. at 406. If the state's treasury will not be affected by a judgment in the action, then the availability of immunity must be determined by resort to the other relevant considerations referenced by the Court in *Hess,* chief among which are whether the suit will jeopardize the integrity retained by the state in our federal system, and whether the state possesses such control over the entity claiming Eleventh Amendment immunity that it can legitimately be considered an arm of the state. *Gray v. Laws,* 51 F.3d 426, 434 (4th Cir.1995) (*quoting Hess,* 513 U.S. at 38–39, 115 S.Ct. at 400). A state's characterization of a governmental entity under state law is a subsidiary factor in the Eleventh Amendment analysis and the Fourth Circuit has emphasized that the Eleventh Amendment question is not ordinarily resolved by this subsidiary consideration alone. *Gray,* 51 F.3d at 437. Rather, questions of Eleventh Amendment immunity are ultimately governed by federal law. *Ristow v. South Carolina Ports Authority,* 27 F.3d 84 (4th Cir.), *vacated on other grounds,* — U.S. —, 115 S.Ct. 567, 130 L.Ed.2d 485 (1994) (finding persuasive the fact that federal district courts found entity to be entitled to Eleventh Amendment immunity), *see also Gray,* 51 F.3d at 434, n. 5.

■ Plaintiffs point to N.C.G.S. § 153A–435 for the proposition that the county would satisfy any judgment against the sheriff and his deputies. This statute states in pertinent part that:

> [a] county may contract to insure itself and any of its officers, agents, or employees against liability for . . . negligent or intentional damage to person[s] . . . caused by an act . . . of the county or any of its officers, agents, or employees when acting within the scope of their authority and the court of their employment.

N.C.G.S. § 153A–435(a).

The statute provides for the availability of insurance for county officials sued for negligence in their official capacity. It does not identify the sheriff or deputies as local officials nor specify that judgments against such officials will be paid by counties. The court finds more instructive N.C.G.S. § 58–76–5, providing that any liability of the sheriff will be paid by the sureties of an official bond, rather than the state treasury.

> Every person injured by the neglect, misconduct, or misbehavior in office of any . . . sheriff . . . may institute a suit or suits against said officer or any of them and their sureties upon their respective bonds . . .; and every such officer and the sureties of his official bond shall be liable to the person injured for all acts done by said officer by virtue or under color of his office.

N.C.G.S. § 58–76–5.

The court finds, that under applicable law, the state treasury will not be responsible for the payment of any judgment against the sheriff and his deputies. Having determined that the state treasury will not be responsible for paying the judgment, it is necessary to consider the secondary factors relevant to Eleventh Amendment immunity analysis.

The court finds instructive the amount of control by the state, or lack thereof by the municipalities, of sheriffs in North Carolina. The North Carolina General Statutes are replete with examples of state control of the office of sheriff. *See* (election and term of office, N.C. Const. art. VII, § 2; N.C.G.S. § 163–1); (disqualifications for the office of sheriff, N.C.G.S. § 162–1); (duties of the sheriff, N.C.G.S. §§ 162–13 through 162–25); (establishing the North Carolina Sheriff's Education and Training Standards Commission, N.C.G.S. §§ 17E–1 through 17E–4); (participation in the retirement benefits for state law enforcement officers, N.C.G.S. § 143–166.30); (removal from office, N.C.G.S. § 126–16). Based on the foregoing, considering the office of sheriff other than that of the state would jeopardize the integrity of the state's sovereignty.

Pursuant to the Fourth Circuit's consideration of characterization of the entity by state law in *Gray* as a secondary factor, the court notes that the North Carolina Court of

Appeals has held sheriffs and deputies to be state officials. *Messick v. Catawba County,* 110 N.C.App. 707, 431 S.E.2d 489, *disc. rev. denied,* 334 N.C. 621, 435 S.E.2d 336 (1993). This result is consistent with decisions rendered in this district. *Edwards v. Smith, et al.,* No. 5:94–CT–24–BR, 1994 WL 910950 (E.D.N.C. September 22, 1994) (sheriff and his subordinates are state officials for Eleventh Amendment purposes); *Merritt v. Beckham,* No. 5:94–CV–462–BO, 1995 WL 907879 (E.D.N.C. March 7, 1995) (sheriff and his deputy are both entitled to Eleventh Amendment immunity when sued in their official capacities for monetary damages as officers of the state).

█ Plaintiffs cite to N.C.G.S. § 58–76–5 for the proposition that the state has waived Eleventh Amendment immunity for sheriffs. However, as sheriffs are state officials, without specific reference to the Eleventh Amendment in the text of the statute, no immunity from prosecution in federal court is surrendered by N.C.G.S. § 58–76–5. "A statute may represent only a general waiver of governmental immunity, whereas a state statutory ... provision will constitute a waiver of [E]leventh [A]mendment immunity only if it contains an 'unequivocal' statement of the state's intention to subject itself to suit in federal court." *Westinghouse,* 845 F.2d at 470 (Eleventh Amendment immunity found even though statute in question contained provisions denying a defense of "constitutional immunity"). The statute to which the plaintiffs refer allows parties to sue sheriffs and their sureties for actions committed in the name of the state, but does not "unequivocally" declare that North Carolina has waived Eleventh Amendment immunity afforded to sheriffs and their deputies as state officials. The court finds the absence of such language to mean that the statute only effects a general waiver and that the state has not waived its immunity from prosecution conferred by the Eleventh Amendment.

For the reasons stated herein, plaintiff's motion for reconsideration is denied.

SO ORDERED.