Belinda CYRUS on behalf of Mildred McSWEENEY, George Jefferson, and Paul Robert Bogert, on behalf of a class of individuals similarly situated, Plaintiffs,

v.

Martha Yeager WALKER, in her capacity as Secretary, West Virginia Department of Health and Human Services, Defendant.

No. CIV.A. 304–0892.

United States District Court,
S.D. West Virginia,
Huntington Division.

Jan. 26, 2005.

Daniel F. Hedges, Mountain State Justice, Inc., Bren J. Pomponio, Mountain State Justice, Inc., Charleston, WV, Jane Perkins, Chapel Hill, NC, for Plaintiffs.

Kelly D. Ambrose, West Virginia Attorney General's Office, Darrell V. McGraw, Jr., WV Dept. of Health and Human Resources, Bureau for Medical Services, Charlene A. Vaughan, Deputy Attorney General, Department of Health and Human Resources, State Capitol Complex, Charleston, WV, for Defendant.

## ORDER

CHAMBERS.

Currently pending before the Court is Defendant's motion to dismiss based upon Eleventh Amendment immunity. Plaintiffs oppose the motion and argue this cases falls within the exception to immunity set forth by the United States Supreme Court in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Upon review of the arguments made by the parties, the Court agrees with Plaintiffs and **DENIES** Defendant's motion to dismiss.

### I.

### BACKGROUND

As set out more fully in the Preliminary Injunction Order entered by this Court on September 17, 2004, Plaintiffs claim they are qualified recipients of the Medicaid Home and Community Based Age/Disabled Waiver Program (ADWP), who had their benefits terminated since November of 2003, when previous Defendant Paul Nusbaum, acting in his capacity as Secretary of the West Virginia Department of Health and Human Services,[1] changed his policy regarding how annual eligibility determinations are to be conducted. Plaintiffs assert that this change in policy, specifically the notice and hearing processes, violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Medicaid Act, 42 U.S.C. § 1396a(a)(3), which are enforceable pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.[2] *Amended Complaint,*

1. By Order dated January 26, 2005, Martha Yeager Walker was substituted for Paul Nusbaum as Secretary of the West Virginia Department of Health and Human Services.

2. Plaintiffs also claim the processes violate previous Orders by this Court in *Miller v. Lipscomb,* No. 74-CV-0390 (S.D.W.Va. Oct. 26, 1987), and *Sears v. Lewis,* No. 2:94-CV-0093 (S.D. W. Va. April 27, 1995). *Id.*

¶ 43. In the Preliminary Injunction Order, the Court granted, in part, Plaintiffs' motion for a preliminary injunction and directed Defendant to restore benefits to certain affected individuals.[3] The Court also outlined what information must be sent to these recipients regarding their cases and the restoration of their benefits.

## II.

### The Eleventh Amendment and *Ex Parte Young*

Defendant now moves to dismiss this case pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure[4] based upon Eleventh Amendment immunity. The Eleventh Amendment generally bars citizens from suing a state in federal court.[5] *See Litman v. George Mason Univ.*, 186 F.3d 544, 549 (4th Cir.1999) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); other citation omitted). In addition, such immunity extends to suits filed against state officials and state agencies "when ... the relief sought and ordered has an impact directly on the State itself." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Westinghouse Elec. Corp. v. West Virginia Dept. of Highways*, 845 F.2d 468, 469 (1988) (stating "a claim against the West Virginia Department of Highways is, for eleventh amendment purposes, properly considered one against the state itself"

(citation omitted)). However, state immunity is not absolute, and two well-established exceptions to this rule arise where a state waives its right to immunity or Congress unequivocally expresses its intent to abrogate state immunity and does so pursuant to a valid exercise of constitutional power. *See Litman*, 186 F.3d at 549–50; *CSX Transp., Inc. v. Board of Pub. Works*, 138 F.3d 537, 539–40 (4th Cir.1998). Additionally, the United States Supreme Court carved out a narrow exception to state immunity in *Ex parte Young*, and it is under this exception that the Court finds that the present case falls.[6]

■ In general, the *Ex parte Young* doctrine "allows expanded federal jurisdiction over state action, and gives the federal courts a powerful tool for ensuring state compliance with federal laws." *Elephant Butte Irrigation Dist. v. Department of the Interior*, 160 F.3d 602, 608 (10th Cir.1998). Pursuant to this doctrine, a state official may be sued in federal court when a plaintiff seeks prospective equitable relief for ongoing violations of federal law. *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir.1998) (observing the *Ex parte Young* exception applies only when "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective" (citations omitted)); *see also Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 288, 117 S.Ct. 2028, 138 L.Ed.2d

---

3. The Court also made a preliminary finding as to Plaintiffs' motion for class certification.

4. Rule 12(b)(1) authorizes a motion to dismiss based upon "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). Subsection (b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

5. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one

of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

6. Defendant asserts that neither of the other two exceptions apply because the State has not agreed to waive immunity under the Eleventh Amendment nor has Congress abrogated immunity in this instance. As Plaintiffs focus on the *Ex parte Young* exception and the Court finds that this exception applies, the Court finds it unnecessary to discuss the other two exceptions.

438 (1997) (O'Connor, J., concurring) (stating "if a state official violates federal law, he is stripped of his official or representative character and may be personally liable for his conduct"). In determining whether the doctrine of *Ex parte Young* applies, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md. Inc. v. Public Service Comm. of Md.*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) (quoting *Coeur d'Alene Tribe*, 521 U.S. at 296, 117 S.Ct. 2028). In the present case, Defendant argues that Plaintiffs have failed to meet these requirements because a cause of action does not exist pursuant to 42 U.S.C. § 1983 and, therefore, there is no violation of federal law.

■ In relevant part, § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983, in part. Liability under § 1983 exists when a person, under color of state law, deprives another "'of any rights, privileges, or immunities secured by the Constitution and laws[.]'" *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997) (quoting 42 U.S.C. § 1983). Defendant first argues that Plaintiffs cannot maintain an action against him under § 1983 because he is not a "person" within the meaning of the statute. In support of her position, Defendant cites *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct.

2304, 105 L.Ed.2d 45 (1989) (holding "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). However, as indicated by Plaintiffs, *Will* explicitly recognizes that cases seeking prospective, injunctive relief against state officials acting in their official capacities are permitted. In relevant part, *Will* provides:

Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. at 167 n. 14, 105 S.Ct. at 3106 n. 14; *Ex parte Young*, 209 U.S. 123, 159–160, 28 S.Ct. 441, 453–454, 52 L.Ed. 714 (1908). This distinction is "commonplace in sovereign immunity doctrine," L. Tribe, American Constitutional Law § 3–27, p. 190, n. 3 (2d ed.1988), and would not have been foreign to the 19th-century Congress that enacted § 1983[.]

*Id.* at 71 n. 10, 109 S.Ct. 2304 (citations omitted). Indeed, there have been a number of cases in which § 1983 actions have been permitted to proceed against state officials pursuant to the *Ex Parte Young* exception. *See, e.g., Antrican v. Odom*, 290 F.3d 178 (4th Cir.2002) (holding medicaid recipients may bring a § 1983 action seeking declaratory and injunctive prospective relief against state officials); *Rehabilitation Ass'n of Va., Inc. v. Kozlowski*, 42 F.3d 1444 (4th Cir.1994) (finding rehabilitation providers have standing to bring a § 1983 action against state official under *Ex Parte Young* exception). Accordingly, the Court finds no merit to Defendant's contention that she is not a "person" subject to suit under § 1983.

■ Likewise, the Court finds no merit to Defendant's second argument that the Amended Complaint fails to properly al-

lege a violation of federal law under § 1983 pursuant to the United States Supreme Court's holding in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).[7] In *Parratt,* the Supreme Court determined that an inmate did not sufficiently allege a violation of his due process rights by claiming that prison officials negligently lost a hobby kit that he had ordered. 451 U.S. at 530, 543, 101 S.Ct. 1908. Although the inmate was denied of his property under color of state law, the Court reasoned that he could not maintain a § 1983 action against the prison officials because the deprivation did not occur because of some established state procedure. Rather, "the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure." *Id.* at 543, 101 S.Ct. 1908. To the contrary, in the present case, the Court finds Plaintiffs properly have alleged that Defendant's policies and procedures have resulted in the denial of due process. *See Amended Complaint* ¶¶ 29–35, 43, 45, and 50 (describing Defendant's policies and procedures, and changes thereto, that have resulted in a denial of due process). Therefore, the Court finds that Plaintiffs' Amended Complaint properly alleges a violation of federal law under § 1983.

Defendant further argues that the relief requested by Plaintiffs is neither equitable nor prospective because (1) it requires expenditures of a substantial amount of money from a fixed allocation of state funds, (2) this expenditure delays entry to the program to other individuals who previously were deemed eligible, and (3) it compensates Plaintiffs for past alleged violations of federal law. Therefore, Defendant argues that Plaintiffs' case falls outside the

*Ex Parte Young* exception. For the following reasons, the Court disagrees.

■ As the Fourth Circuit stated in *Antrican v. Odom,* 290 F.3d 178 (4th Cir. 2002), "simply because the implementation of such prospective relief would require the expenditure of substantial sums of money does not remove a claim from the *Ex Parte Young* exception." 290 F.3d at 185 (quoting *Milliken v. Bradley,* 433 U.S. 267, 289, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977), for the proposition that *"Ex Parte Young* 'permits federal courts to enjoin state officials to conform their conduct to requirements of federal law, notwithstanding a direct and substantial impact of the state treasury'"). Instead, the Fourth Circuit held that the focus of the inquiry should be on whether the injunctive relief is prospective or retroactive in nature as illustrated in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and *Milliken v. Bradley,* 433 U.S. 267, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977). In *Edelman,* the Supreme Court found that the Eleventh Amendment prohibited retroactive payment of benefits which were found to be wrongfully withheld from eligible recipients of a program for the aged, blind, and disabled. 433 U.S. at 678, 97 S.Ct. 2909. However, in *Milliken,* the Court upheld an injunction that directed the State of Michigan to pay a portion of the costs related to educational programs ordered as part of a desegregation decree. 433 U.S. at 289, 97 S.Ct. 2749.

■ When applying this distinction to the facts of the present case, it is clear that Plaintiffs are requesting prospective, injunctive relief. In their demand, Plaintiffs seek, inter alia, a declaration that Defendant's policies and procedures violate

---

7. In *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Supreme Court overruled *Parratt* to the extent it held that the Due Process Clause is "implicat-

ed by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Id.* at 328, 335–36 (italics original).

due process and Defendant be enjoined from terminating benefits until the requirements of due process are met. Plaintiffs also request "[a]ppropriate forward adjustment of benefits for the named Plaintiffs and other substantive relief[.]" *Amended Complaint,* Demand ¶ (g), at 24. Nowhere in their demand for relief do Plaintiffs request retroactive awards. Thus, this case fits squarely within the *Ex Parte Young* exception. *See Kimble v. Solomon,* 599 F.2d 599, 605 (4th Cir.1979) (finding no Eleventh Amendment impediment to awarding prospective reinstatement of benefits "which requires payments [for Medicaid recipients] only for medical services received after entry of the district court's decree").

 Likewise, the Court finds no merit to Defendant's argument that there are no ongoing violations of federal law because all individuals identified at the preliminary injunction hearing have had their benefits restored under the conditions outlined by the Court and the alleged deficiencies in notices have been corrected. Initially, the Court recognizes that Defendant's have filed a motion to dismiss which tests the sufficiency of the Amended Complaint. The Amended Complaint alleges ongoing violations of federal law so regardless of whether the Court has enjoined the alleged violations or Defendant has corrected its practices, the Court is not deprived of subject matter jurisdiction. Moreover, in their Response, Plaintiffs insist that the steps Defendant has initiated are incomplete, that it is not clear the revised notices are satisfactory, and that federal law may continue to be violated. Indeed, following the recent status conference in this case,[8] it is apparent that the parties have not reached an agreement as to many of the issues raised by Plaintiffs' Amended Complaint. Under these circumstances,

therefore, the Court denies Defendant's motion to dismiss on this basis.

## III.

## Conclusion

Accordingly, for the foregoing reasons, the Court finds that Plaintiffs' claims against Defendant fall within the *Ex Parte Young* exception to the Eleventh Amendment and, therefore, the Court **DENIES** Defendant's motion to dismiss the Amended Complaint.

The Clerk is directed to forward a copy of this Order to counsel of record and any unrepresented parties.

---

8. The status conference was held on December 20, 2004.